## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GI SPORTZ INC. and<br>GI SPORTZ DIRECT LLC; | ) | |
| | ) | |
| *Plaintiffs,* | ) | Case No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| APX GEAR, LLC (a/k/a APX PAINT CO.) | ) | |
| | ) | |
| *Defendant.* | | |

## <u>COMPLAINT</u>

Plaintiffs GI Sportz Inc. and GI Sportz Direct LLC (collectively "GI Sportz" or "Plaintiffs") file this Complaint against defendant APX Gear, LLC ("Defendant"), and allege as follows:

### <u>Nature of the Action</u>

1.      This is an action for [i] infringement of Plaintiffs' trade dress rights in its federally-registered Marballizer trade dress in violation of 15 U.S.C. §1114, [ii] federal unfair competition in violation of 15 U.S.C. §1125(a), [iii] common law trademark infringement, and [iv] common law unfair competition.

### <u>Parties</u>

2.      GI Sportz Inc. is a Canadian corporation with a principal place of business at 6000 Kieran, Ville St Laurent, Quebec H4S 2B5, CANADA.

3.      GI Sportz Direct LLC is a Delaware limited liability company with a principal place of business at 570 Mantua Boulevard, Sewell, New Jersey 08080.  GI Sportz Direct LLC is a wholly-owned subsidiary of GI Sportz, Inc.

4.      Upon information and belief, Defendant is a California company with a primary place of business at 5120 Campus Drive, Newport Beach, California  92660.

## Jurisdiction and Venue

5.      This action arises, in part, under the Lanham Act, Title 15, United States Code § 1051, et seq.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and jurisdiction over the related ancillary claims under §1367.

6.      This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred (and continues to occur) in this District. Moreover, Defendant has specifically targeted consumers in the State of Texas with its paintball products, at least some of which infringe upon Plaintiffs' registered trade dress, as described below.  *See, e.g.*, an APX social media page announcing sales in Texas, using a background mimicking the Texas state flag (**Exhibit A**) and the announcement of a "Texas Exclusive" product (**Exhibit B**) that contains Plaintiff's trade dress.

7.      Venue is proper under 28 U.S.C. § 1391(b) and (c).

## Plaintiffs' Marballizer Trade Dress

8.      GI Sportz is the world's leading provider of equipment and supplies to the paintball industry.

9.      For many years, GI Sportz, together with its predecessors-in-interest, has been marketing paintballs having a distinctive, non-functional pattern of contrasting colors.  Plaintiffs have consistently offered these paintballs under the registered trademark, MARBALLIZER®. This is occasionally truncated by paintball consumers to simply "marb."  Accordingly, the distinctive design has become associated with Marballizer brand paintballs, and constitutes the Marballizer Trade Dress.

10.     In order to protect its valuable trade dress, Plaintiff, GI Sportz Direct LLC, owns and maintains a federal trademark registration, U.S. Reg. No. 3,049,101 ("the Registration"), which covers the Marballizer Trade Dress.  The Registration describes the Marballizer Trade Dress as consisting of "contrasting colors blended randomly together to form the appearance of a fanciful design on the surface of a paintball."

11.     The Marballizer Trade Dress protected by the Registration has been in continuous use by Plaintiffs and their predecessors-in-interest for over twenty years and, in addition to being inherently distinctive, has achieved significant secondary meaning among dealers and consumers of paintballs.  As a result of its longevity on the Principal Registry, the Registration is now incontestable under 15 U.S.C. § 1065.  A true and correct copy of the Registration is attached as **Exhibit C**.

### Defendant's Infringing Acts

12.      According to its website apxpaint.com/about-us/, Defendant was formed in 2009 and has grown to where it produces over 2,000,000 paintballs per day.

13.     Defendant operates the Instagram account "apxpaintlab" and the Facebook account "APXGearPaintball."  Defendant uses these accounts and its website, as well as a network of independent distributors, to market its paintballs for sale to consumers and paintball supply stores across the country.

14.     Starting in approximately December, 2015, Defendant began showing images of paintballs featuring the Marballizer Trade Dress on its webpage and social media accounts. Defendant refers to these paintballs as having its "swirl" design, and it now appears to offer all of its paintball product line in various colors of "swirl."  Examples of these images, along with the captions, are shown in **Exhibit D**.

15.     In at least one instance, a potential customer has expressed confusion as to whether the paintballs being offered by Defendant are, in fact, Marballizer paintballs. (See **Exhibit B**).

## COUNT I
## Federal Trademark Infringement under 15 U.S.C. §1114(1)(a)

16.     Plaintiffs re-allege and incorporate herein paragraphs 1 through 15 of this Complaint.

17.     Plaintiff, GI Sportz Direct LLC, is the owner of all right, title and interest in and to the Registration.

18.     Defendant had at least constructive knowledge pursuant to 15 U.S.C. §1072 of Plaintiffs' rights in the Marballizer Trade Dress during Defendant's use of that trade dress in association with the offer of directly competing paintballs, without Plaintiffs' permission.

19.     Upon information and belief, Defendant also had actual knowledge of Plaintiffs' rights in its Marballizer Trade Dress at least as early as December, 2015, yet it commenced and proceeded to use the trade dress on its "swirl" products.

20.     Defendant, thus, has deliberately and willfully used Plaintiff's federally registered Marballizer Trade Dress, and similar variations thereof, in association with products directly within the designation of Plaintiff's federal Registration in an attempt to trade upon and/or diminish the widespread goodwill, reputation and selling power established by Plaintiffs and their predecessors-in-interest, and to pass Defendant's products off as those of Plaintiffs.

21.     Plaintiffs have not consented to Defendant's use of Plaintiff's trademark dress covered by the Registration.

22.     Defendant's unauthorized use of Plaintiff's Marballizer Trade Dress for use with the sale of paintballs that directly compete with those sold by Plaintiffs is likely to cause

confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs in violation of 15 U.S.C. §1114.

23.     The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiffs in the nature of statutory damages, Defendant's profits, Plaintiffs' actual damages and recovery of costs, pursuant to 15 U.S.C. §1117(a).

24.     The fact that Defendant has used and is using a directly identical, counterfeit trade dress entitles Plaintiffs to treble damages, statutory damages, and attorney's fees pursuant to 15 U.S.C. §1117(b) and (c).

25.     As a result of Defendant's aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendant.

## COUNT II
## Federal Unfair Competition (15 U.S.C. §1125(a))

26.     Plaintiffs re-allege and incorporate herein paragraphs 1 through 25 of this Complaint.

27.     Upon information and belief, Defendant has deliberately and willfully attempted to borrow off of the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiffs in connection with its paintball products in the United States, at least through the use of a design incorporating the Marballizer Trade Dress.

28.     Upon information and belief, Defendant's actions in this regard are in an attempt to confuse consumers as to the origin and/or sponsorship of Defendant's products.

29.     Defendant's unauthorized and tortuous conduct has deprived, and will continue to deprive, Plaintiffs of the ability to control the consumer perception of Plaintiffs' goods marketed under its Marballizer Trade Dress, placing the valuable reputation and goodwill of Plaintiffs in the hands of Defendant, over whom Plaintiffs have no control.

30.     Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's products with Plaintiffs' products, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

31.     The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiffs in the nature of statutory damages, Defendant's profits, Plaintiffs' actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. §1117.

32.     As a result of Defendant's aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendant.

**COUNT III**
**Common Law Trademark Infringement**

33.     Plaintiffs reallege and incorporate herein paragraphs 1 through 32 of this Complaint.

34.     Plaintiff, GI Sportz Direct LLC, is the owner of valid common law rights in its Marballizer's Trade Dress which it has used continuously and in connection with the provision of its paintballs long prior to Defendant's adoption and first use of its infringing paintball design.

35.    Defendant's action complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association Defendant's paintballs with Plaintiff and its Marballizer Trade Dress and as to the origin, sponsorship or approval of Defendant and its paintballs in violation of Texas common law.

36.    Defendant's authorized conduct also has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its paintballs provided in connection with its Marballizer Trade Dress, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant over whom Plaintiff has no control.

37.    Because Defendant had actual and constructive notice of Plaintiffs' prior use of and rights in its Marballizer Trade Dress before Defendant began using its infringing paintball design designation, Defendant willfully engaged in common law trademark infringement in violation of Texas law.

38.    As a result of Defendant's conduct, Plaintiffs are likely to suffer harm, and have in fact already been injured.

### COUNT IV
### Common Law Unfair Competition

39.    Plaintiffs reallege and incorporate herein paragraphs 1 through 38 of this Complaint.

40.    Defendant's actions complained of herein constitute unfair competition in violation of Texas common law, as the aforementioned acts constitute an intentional misappropriation of Plaintiff's Marballizer Trade Dress reputation and commercial advantage in which Defendant has acts with bad faith.

41.    As a result of Defendant's aforesaid conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy

at law.   Unless this Court enjoins Defendant's conduct, Plaintiffs will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiffs request that this Court enter a judgment in favor of Plaintiffs and against Defendant on each Count herein, and grant relief as follows:

A.     Permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

a.     using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods under or in connection with the Marballizer Trade Dress, or product designs confusingly similar therewith; and

b.     doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiffs' business, or that is likely to injure or damage Plaintiffs' rights in its Marballizer Trade Dress or the associated goodwill;

B.     Requiring that Defendant be ordered to recall from the channels of United States trade all products, packaging, advertising and promotional material sold or distributed by Defendant or its affiliates sold under, or using the Marballizer Trade Dress pursuant to 15 U.S.C. §1116(d);

C.     Requiring Defendant to reimburse Plaintiffs for all damages Plaintiffs have suffered by reason of Defendant's acts of infringement and unfair competition, to account for

and pay to Plaintiffs all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions and its use of a counterfeit of Plaintiffs' registered trade dress, to remit to Plaintiffs treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117);

        D.      Finding that this case constitutes an exceptional case pursuant to 15 U.S.C. §1117, and awarding Plaintiffs their reasonable attorneys' fees and disbursements incurred in bringing this action;

        E.      Requiring that the Defendant reimburse Plaintiffs for all disbursements and costs incurred in bringing this action;

        F.      Requiring that Defendant deliver and destroy all advertisements, brochures, promotional prints, and sales sheets in its possession or control within the United States that use the Marballizer Trade Dress, pursuant to 15 U.S.C. §1118, and immediately cease use of and delete any Internet advertisements featuring said marks, such as that shown in Exhibits B and D, or direct email solicitations featuring said marks;

        G.      Awarding Plaintiffs such other and further relief as this Court may deem equitable.

Dated:  July 11, 2016                **BARNES & THORNBURG LLP**

                                    By:  */s/ Thomas G. Haskins, Jr.*
                                    Thomas G. Haskins, Jr.
                                    Texas State Bar No. 24087681
                                    2100 McKinney Avenue, Suite 1250
                                    Dallas, TX  75201-6908
                                    Tel:  (214) 258-4200
                                    Fax:  (214) 258-4199
                                    thaskins@btlaw.com

Michael G. Kelber (*pro hac vice* forthcoming)
Illinois State Bar No. 6231033
Mike R. Turner (*pro hac vice* forthcoming)
Illinois State Bar No. 6297803
Tanvi Patel (*pro hac vice* forthcoming)
Illinois State Bar No. 6306715
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
Tel:  (312) 269-8000
Fax:  (312) 429-3580
mkelber@ngelaw.com
mturner@ngelaw.com
tpatel@ngelaw.com

Attorneys for Plaintiffs
GI SPORTZ INC.
GI SPORTZ DIRECT LLC